# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:17CV-P502-JHM

**CLIFFORD MORRIS**                                                                                         **PLAINTIFF**

**v.**

**MARK BOLTON** *et al.*                                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Clifford Morris filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A.

Plaintiff filed his original complaint on his own paper. In response to a notice of deficiency, Plaintiff filed an amended complaint (DN 9) on the Court's approved 42 U.S.C. § 1983 form. Plaintiff also filed a second amended complaint (DN 11), which appears to largely duplicate the first amended complaint except that it contains a relief section of the Court-approved § 1983 form that was not included in the first amended complaint. The Court construes the first and second amended complaints as motions to amend the complaint. Upon consideration, **IT IS ORDERED** that the motions (DNs 9 and 11) are **GRANTED**. *See* Fed. R. Civ. P. 15(a).

The Court considers the first and second amended complaints as superseding the original complaint. The Court will conduct initial review of the first and second amended complaints and will consider Plaintiff's demand for relief as that stated in the second amended complaint. For the reasons set forth below, the Court will dismiss Plaintiff's claims and give him an opportunity to amend his complaint.

**I.**

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), sues twenty-four officers or employees of LMDC. The Defendants and the LMDC job title of each as identified by Plaintiff are as follows: (1) Mark Bolton, LMDC Director; (2) Steve Derham, LMDC Assistant Director; (3) John Doe/Medical Provider LMDC, "Director Medical"; (4) Dr. Miss Smith; (5) Dr. Miss Walker; (6) Miss Racheal, "Mental Health"; (7) Miss Ashley, "M/H"; (8) Sanders and (9) Miss Candy Polter, both nurses; (10) Mr. Mays (Sgt.), "Int/Affairs"; (11) Mr. Midleton, "D/R"; (12) Mr. Baker, "C/C"; (13) Mr. Combs, (14) Mr. Green, (15) Mr. Sacra, each a Sgt.; (16) Mr. Ashley, (17) Mr. Chaney, (18) Mr. Finex, (19) Miss Poter, (20) Mr. Melvin, (21) Mr. Cummins; (22) Mr. Berham, (23) Stevens, and (24) Mr. Anthony[1] each listed as a "CO." He sues each Defendant in his or her official capacity only.

Plaintiff lists twelve numbered claims and alleges that his rights under the Eighth Amendment were violated in connection with each of the numbered claims. As his first claim, Plaintiff states that on March 7, 2016, he was "assaulted and forced moved into H5 Dorm 5 in cuffs by Sgt. Comb." He states, "I had very bad night mare and prevouse dorm put me out unit. I request medical dorm or single cell do to off meds for PTSD."

Second, Plaintiff claims that on November 23, 2016, when he was having lunch, "CO Stevens strangles me pick me up an makes 90 degree turn slams me and starts chocking me, causing injurys to bones teeth." He asserts that he was stripped to only a two piece jump suit until December 13, 2016. He further states, "Dr. Smith refuse X rays but charged. I filed keep away request grievance and verbaly (no response back.) 3/2/17 back booking from x ray at U of L into CO Stevens hands grabbing wheelchair. I latter placed in restraint chair till midnight

---

[1] Although Plaintiff does not list Anthony as a Defendant in his list of Defendants, Plaintiff attaches a summons form for him to his first amended complaint. The Court will therefore consider Anthony as a named Defendant to this action.

placed P/C suit." He alleges, "My C/R 8th Amendment violated being assaulted with injury taken glasses."

As his third claim, Plaintiff states, "My C/R 8th Amendment rights were violated: request P/C to Miss Jarrett left in OPT 2 and hours pass get stomped 3/2/17."

Fourth, Plaintiff asserts the following:

Chaney, Finex, Ashley inter my cell as I lay face down told me cuff up. 6-3-17 place hand on back, I then got Finex knee into back Chaney beat right ribs and tells Ashley raise my head up. Chaney sprays eyes an soak mattress then the three CO's rub face back forth burning my skin by friction bare mattress. I then cuff dragged out holding cell and another per cuffs are used to cuff me to bench and they beat my head very badly an Sgt. Sacra enters knocking me out. I come to puddle blood were it running from noise. Sgt. Green takes pictures and place me OPT 1 without seeing medical knots size apples, fractures broken bones. I report Nurse Sanders over over it hurts need meds. Dr. Walker & Smith are aware file paper grvs told Racheal daily. Each day OPT 1 nobody come close cause knots, Rachel clears me against my request stay in OPT 1 on 6-7-17 I spit on her forced moved. Poter, Finex, Smith 6-7-17 skip my cell feeding dinner and leaves unit. Sgt. Green hours latter moves me unsatized J 4,7,8. Leaves me only 2 peace suit mattress. Nasty cell.

For his fifth claim, Plaintiff states that on June 8, 2017, "CO Mr. Berhum skips me on hour out, I stayed in nasty cell 24/7. (7-15-17 CRV Berham brings Dr. Williams to cell after refuse see him.)" In his sixth claim, Plaintiff states that on May 29, 2017, "Chaney don't let me out for shower takes my hour out." Plaintiff's seventh claim is that "Poter Finex take hour out cell time."

As his eighth claim, Plaintiff states that on January 23, 2017, "3rd shift wrote me D/R investigates it and Midleton at 7 am give 50 days hole time. (He came Midleton in less 8 hours of D/R.)." He continues, "3-10-17 C/R/V. Gives hole time after state never live G/P. 5-30-17 C/R/V Midleton don't uphold Internal Affairs recorded interview stated never live G/P again in my life (11-23 assault.)"

3

In Plaintiff's ninth claim, he asserts that on July 16, 2017, "Cummins, Athony, Melvin do cell search. Then Cummins order me step back in cell. I then get once cuff off one locked he cummins pulls hard injurys thumb skin cuff jammed on thumb. Hour later serves brunch and tries push tray out hand." He further states, "Melvin watches as pulls me down to floor (don't stop) 7-22, 23-17 Cummins kicks cell door very hard. 9-25-17 Cummins feed my lunch under door then opens hand cup fruit, 10/1/17 Cummins leaves cell open so cell 1 on hour out come still out cell why in bunk."

As his tenth claim, Plaintiff states that on March 2, 2017, "Miss Candy Polter don't check my vitals while in restraint chair or after giving P/C suit place in cell to lay inside matt stay warm. (Never checked.)"

Plaintiff's eleventh claim alleges that "on 11-22-16 till 10-9-17 to be housed out harms way in protective custody, by verbaly asking and by grivances and request forms that never get response back since 11-22-16." He continues, "All staff mention knows been housed without toilet brush chemicals lenien exchange month after months in single cell without property 3 times nothing but mattress 2 peace suit for weeks. Mr. Bolton Mr. Derham; Sgt. Mays, Miss Ashley Miss Racheal Mr. Baker all consolor CO's I've repeated above mention weekly."

As his twelfth and final numbered claim, Plaintiff states, "CRV 8th Amendment by John Doe/Medical provider 8-4-16: 10/9/17 poor service."

The complaint then contains two handwritten pages which allege that "Mr. M.B. has knowledge of all violation and has been no help in housing me in protective custody." He maintains that he requested protective custody from Judge Gibson on July 7, 2017, and that she granted his request. While portions of the two pages are difficult to read, the Court will do its best to decipher Plaintiff's allegations as follows:

4

I fear for my life and safety, why list:[2]  (1) 11-23-16 sitting having dinner strangled and slammed chocked causing very seriouse injurys by CO Stevens.  (2) Improper search causing 50 days hole time all less 8 hour period investigated and sentenced 7:00 am 1-23-17. (4) I've layed in OPT 1 OPT 2 suicide cells weeks begging Dr. Sgt CO's nurses M/H for help in housed protective custody.  (5) 3-2-17 stomped hours after turn in request consolor Jarret for P/C, transported U of L x ray then meds giving.  I refussed meds prescribed. (6) 3-2-17 return from x rays to hand of Stevens try negotaitate I let all staff know request him kept away from me at all times.  (7) 3-4 Sgt. Sikes stripps me of my jump suite that was given 3-2.  (8) Chaney slams door.  (9) Transfered KPCP also Midleton slam door as well. (10) Told KCPC go back to room get assaulted by CO strapped chair 10 til 2 pm second time in life. (CO torched) 428.  (11) 4-19 KCPC back LMDC 5-3-17 into Stevens eyes control for another negotiating chance that didn't happen.  (12) Moved R/B cell 3 to J2 D9 force mud on 5-9 to none work cell J3 8,4.  (13) Levi drug me out of bed laying down stomped me and placed holding cell J2 for transfer J3,8H.  Property was taken by work aids.  (14) Several days moved cell 3 work cell and had ok other my flap N Dr got [illegible] by other inmts to kep close.  [Illegible] than 5-25 lss 30 [illegible] chg bck by TL Ashley was informed and TL lok turn out Ashley state unclog door (15) Sgt Miller takes all prty 5-25, go J2 hold cll 2 shft takn Wiley talks go bak and Ayres Sgt get prty to me.  Never hppn.  (16) Chaney takes hour out 529 and Poter takes 530 and reprt Chaney Ms. Shay little bi*** I reg field keep away told pat [illegible] and pearce, Patric tld me Sgt hndle it, Chy kp away till 63.  (17) Tell had plan com dinner Ast me by putting knee hold me down Chny brks rbs then Ashley pulls head up Chny sprays eyes and soaks matt then all three rub face back forth matt cuff thn drg bench cuff beating unconscious by last hit Sacra camo to blood running to puddle in floor, taken by Green J2 OPT 1 nvr seen by nurse.  (18) each day ask see Dr. never happen Sgt Green left me.  (19) 6-7 spit on Rachel for clrng before be seen by Dr. Smith Higdon force move no shoes nothing for several weeks.  (19) J3 8,9 dinner server shut flap no tray feed 12 walks out Poter Smith Finix cruel to humane soul sit several hours Sgt Green moves to J4 78 nothing 2 peace jump suite nothing Sgt. McNess scalds Green get pair shower shoes for him, place in unsanitized filthy cell nothing rec taken next day by Burham.  (20) 7-15 Burham bring Dr. Williams to cell after refuse go talk with him.  (21) 7-16 cell search Cummins tell go back in cell and takes cuff off left hand pulls right hand breaking skin injury thumb pinky medical refused ask CO's Anthony Melvin Cummins hang my self. Cummins server brunch tray push out after reseved tray coms kicking to [illegible] over 22 23 9-25 feeds under door sndwch then cup fruit open door 9-29 starts up am asking meds, 10-1 Stage leaves door open serve brunch layed back down cell 1 steel tpaste out cell his out on hour almost took TP bck [illegible] puts up refuse run numbers on tube.  SAD.  (22) 2 sft Sgt says not relvant B code tube SAD Day.

---

[2] In his list, Plaintiff omits a number 3 and includes two number 19s.

As relief, Plaintiff seeks compensatory and punitive damages. He also states that he seeks relief in the form of "Preserve footage of all camera's; displanary reports, grievances."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Plaintiff sues Defendants in their official capacities only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims against Defendants as brought against their employer, presumably the Louisville Metro Government.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that his Eighth Amendment rights were violated by instances of excessive force used against him, denial of medical care, placement in unsanitary prison conditions, and denial of meals, recreation time, and protective custody. However, Plaintiff does not allege that the action or inaction of Defendants occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. The complaint alleges isolated events affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for

which the county is not responsible."). Accordingly, Plaintiff's official-capacity claims will be dismissed for failure to state a claim upon which relief may be granted.

"[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff an opportunity to amend his complaint to name Defendants in their individual capacities.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint naming Defendants in their individual capacities**. The Court will conduct an initial review of the amended complaint pursuant to § 1915A.

The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein**.

Date: February 27, 2018

Joseph H. McKinley, Jr., Chief Judge
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
4414.010

9