UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17CV-P502-JHM

CLIFFORD MORRIS                                                                                 PLAINTIFF

v.

MARK BOLTON *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION

      Plaintiff Clifford Morris filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. By prior Memorandum Opinion and Order (DN 20), the Court conducted initial review of the first and second amended complaints. Finding that Plaintiff had sued Defendants in their official capacities only, the Court dismissed the official-capacity claims against all Defendants and gave Plaintiff an opportunity to file an amended complaint naming Defendants in their individual capacities within 30 days.

      Plaintiff then filed an amended complaint (DN 21), in which he still sued Defendants in their official capacities only. In addition, in the "Defendants" section of the complaint form, Plaintiff listed Defendants as (1) "All 24 Staff mention original 1983 Directors et al" and indicates that they are employed as "Counselor's, Sgt., Captains, Nurses, M/H, CO's, Directors, Dr's[,] Sgt." at LMDC; and (2) "Dr. Smith et al" indicating that they are employed as "Doctor, Staff, M/H, Nurse's" at LMDC. Upon review of that filing, as well as the original complaint and prior amendments, the Court found that it was unable to discern exactly what Defendants Plaintiff was suing and whether, in referring to "Dr. Smith et al[,]" he was seeking to add new Defendants to the action (DN 23). Therefore, the Court ordered Plaintiff to file an amended complaint in which he was to write the name of each Defendant he wished to sue in this action

and to sue each Defendant in his or her individual capacity within 30 days. The Order warned Plaintiff that his failure to comply with the Order would result in dismissal of the case.

Within the 30-day period, Plaintiff filed a motion for the appointment of counsel (DN 24). Plaintiff also filed another amended complaint, in which he listed only "Mark Bolton et al." as Defendant in his official capacity (DN 26). The Court entered a Memorandum and Order denying the motion for the appointment of counsel and again ordering Plaintiff, within 30 days, to file an amended complaint, explicitly directing him to write the name of each Defendant he wished to sue in this action and to sue each Defendant in his or her individual capacity (DN 25). The Court again warned Plaintiff that his failure to file an amended complaint which fully complied with the Court's Order would result in the dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to take any other action in this case. Plaintiff has failed to identify the Defendants in this action, and the Court is unable to perform its initial review under § 1915A without this basic information. Moreover, Plaintiff has failed to sue any Defendant in his or her individual capacity despite the Court's clear instruction to do so.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims and to comply with the Court's Orders. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where,

2

for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Orders shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: December 3, 2018

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
Jefferson County Attorney
4414.010